UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN RAFTER,            )<br>                              )<br>       PLAINTIFF     )<br>                              )<br>v.                             )<br>                              )<br>WILLIAM STEVENSON, )<br>                              )<br>       DEFENDANT  ) | CIVIL NO. 09-579-P-H |

### DECISION AND ORDER ON DEFENDANT'S MOTION TO AMEND, PLAINTIFF'S MOTION TO REMAND AND PLAINTIFF'S MOTION FOR ATTORNEY FEES

The issue here is whether a defendant, the owner of a maritime towing and salvage business, has properly removed from state to federal court his former employee's claim for unpaid wages and unreimbursed expenses. The defendant's Notice of Removal asserted federal admiralty and maritime jurisdiction. Now, by Motion to Amend, the defendant seeks to add federal question jurisdiction based upon federal law regulating seamen's wages. The plaintiff objects to the Motion to Amend and seeks a remand of the case back to state court, along with attorney fees and costs.

Since the Motion to Amend is untimely under 28 U.S.C. § 1446(b), I **DENY** the defendant's Motion to Amend. I **GRANT** the plaintiff's Motion to Remand since admiralty and maritime jurisdiction alone does not permit removal because of the savings-to-suitors clause of 28 U.S.C. § 1333(1). I **GRANT** the plaintiff's Motion for Attorney Fees because, given the well-established law

involved here, the defendant lacked an objectively reasonable legal basis for seeking removal.

### FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, the plaintiff, John Rafter, worked for the defendant, William Stevenson, as a captain, "assisting, rescuing and salvaging vessels in distress along mid-coast Maine" from 2005 until 2007.  Compl. ¶¶ 1, 5 (Ex. 1 to Notice of Removal (Docket Item 1)) (Docket Item 1-1).  Both Rafter and Stevenson are Maine residents.  Id. ¶¶ 1-2.  Stevenson fired Rafter in September 2007 shortly after Rafter was involved in a vessel collision during a distress call.  Id. ¶¶ 6-7.  Rafter claims that when he was fired, Stevenson owed him $9,076.09 in unpaid wages and $414.05 for fuel purchases.  Id. ¶¶ 8-9.  Rafter filed a complaint against Stevenson in state District Court on October 15, 2009.  Id. at 5.  The Complaint sought to recover Rafter's wages and expenses through common law claims for debt and unjust enrichment, as well as through a statutory claim for unpaid wages under 26 M.R.S.A. § 626-A. Id. ¶¶ 14-27. On November 16, 2009, Stevenson filed a Notice of Removal.  The Notice stated as the basis for removal that:  (1) Rafter was seeking unpaid wages for "operating a vessel upon the navigable waters of the United States, among other things"; (2) Stevenson would file a counterclaim based on Rafter's operation of the vessel; and (3) "such actions come within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) and 28 U.S.C. § 1333."  Notice of Removal at 1.  Rafter filed motions to remand and for attorney fees.  In responding to the motions, Stevenson also moved to amend his Notice of Removal to state that Rafter's case implicates this Court's federal

question jurisdiction over "federal Seamen's wage statutes." Am. Notice of Removal (Ex. 1 to Mot. to Am. Notice of Removal (Docket Item 11)) (Docket Item 11-1).

## ANALYSIS

### *(1)   Defendant's Motion to Amend*

The defendant Stevenson's Motion to Amend his Notice of Removal is untimely.  A defendant can remove a lawsuit from state court by filing a notice of removal containing "a short and plain statement of the grounds for removal" within thirty days of being served with a complaint.  Esposito v. Home Depot U.S.A., 2009 U.S. App. LEXIS 28744, at *5, 9 (1st Cir. R.I. Dec. 30, 2009) (citing 28 U.S.C. § 1441 and quoting 28 U.S.C. § 1446(a)); see also id. at *11 (noting that "removal statutes are to be narrowly construed" (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).  Within that same thirty-day period, a defendant may amend the notice of removal freely.  After the thirty days, a defendant can amend "defective allegations of jurisdiction," 28 U.S.C. § 1653 (2009), but cannot add a "new avenue of jurisdiction." Arancio v. Prudential Ins. Co., 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002) (Lynch, J.) (denying untimely amendment where a "removal petition was irremediably defective as to federal question jurisdiction and silent as to diversity"); see also Ripoll v. White, 2009 U.S. Dist. LEXIS 65951, at *6 (E.D. La. Mar. 29, 2009) (denying untimely amendment where a defendant "did not raise, or even hint at, diversity of citizenship as a grounds for removal in its notice of removal, [but sought] to do so in opposing [a] motion to remand").

Here, the defendant Stevenson filed his Motion to Amend well beyond the thirty-day time limit imposed by 28 U.S.C. § 1446(b).[1] As a result, he cannot use his motion to assert a "new avenue of jurisdiction." His Amended Notice of Removal would assert federal question jurisdiction.[2] His original Notice of Removal asserted only admiralty and maritime jurisdiction and was totally silent on federal question jurisdiction. Admiralty and maritime law alone does not create a federal question for the purposes of 28 U.S.C. §§ 1331 and 1441. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001) ("We have previously refused to hold that admiralty claims . . . fall within the scope of federal question jurisdiction." (citing Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 371-72 (1959)). The proposed amendment, therefore, is untimely because it attempts to assert a "new avenue of jurisdiction" and does not merely clarify imperfectly made allegations in the original Notice of Removal.

Even if I allowed the motion, it is doubtful that Stevenson could establish federal question jurisdiction to support the removal. A plaintiff is free to sue in state court rather than federal court, even if he could (but did not) seek a remedy under federal law. Danca v. Private Health Care Sys., 185 F.3d 1, 4

---

[1] The defendant notes correctly that he received an extension of time "to respond to Plaintiff's Motions to Remand and for Attorney's Fees." See Def.'s Reply to Pl.'s Opp'n to Mot. for Leave to File Am. Notice of Removal at 1 (Docket Item 18); Mot. for Extension at 1 (Docket Item 8). No extension was requested or granted for amending the Notice of Removal, nor would such an extension have been possible given the time limits of 28 U.S.C. § 1446. The defendant states that he was served by mail pursuant to the Maine Rules of Civil Procedure on October 17, 2009. Def.'s Reply to Pl.'s Opp'n at 1 n.1. The defendant filed his Notice of Removal on November 16, 2009. He filed his Motion for Extension to respond to the plaintiff's motions on December 21, 2009. The defendant's Motion to Amend was not filed until January 4, 2010.

[2] Since both Rafter and Stevenson live in Maine, there is no diversity of citizenship jurisdiction.

(1st Cir. 1999) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). That is what Rafter did here, asserting three state-law claims and no federal claim. Stevenson could remove Rafter's suit from Maine court only if Rafter pleaded a federal question, a claim "arising under the Constitution, laws, or treaties of the United States."³ 28 U.S.C. § 1331; Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (noting that the "longstanding well-pleaded complaint rule" allows removal based on federal question only if "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also R.I. Fishermen's Alliance, Inc. v. R.I. Dep't of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009) ("[A] plaintiff's well-pleaded complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." (citing W. 14th St. Comm'l Corp. v. 5 W. 14th Owners Corp., 815 F.2d 188, 193 (2d Cir. 1987)). An actual or anticipated counterclaim sounding in federal law (Stevenson announced one in his Notice of Removal and then pleaded one in his Answer) cannot create federal jurisdiction. Vaden, 129 S. Ct. at 1272. Neither can an actual or anticipated defense sounding in federal law. Id. (Stevenson pleaded such defenses in his Answer.) This principle includes a federal preemption defense, R.I. Fishermen's Alliance, 585 F.3d at

---

³ Admiralty and maritime cases fall within a federal court's original jurisdiction, see 28 U.S.C. § 1333(1), but they do not "aris[e] under" the Constitution, laws or treaties of the United States for purposes of 28 U.S.C. § 1331 or removal under 28 U.S.C. § 1441(b). The Supreme Court has consistently held that "to define admiralty jurisdiction as federal question jurisdiction would be a 'destructive oversimplification of the highly intricate interplay of the States and the National Government in their regulation of maritime commerce.'" Lewis, 531 U.S. at 455 (quoting Romero, 358 U.S. at 373).

49-50, unless a defendant shows that "the state cause of action falls within the scope" of a federal law and is therefore *completely* preempted. Danca, 185 F.3d at 5; see also Vaden, 129 S. Ct. at 1273 ("A complaint purporting to rest on state law . . . [arises under] federal law if the law governing the complaint is exclusively federal." (citation omitted)).

Stevenson argues that Rafter's Complaint does assert a federal claim (at least implicitly).[4] He says that Rafter seeks to recover wages that he earned while "operating a vessel upon the navigable waters of the United States," Notice of Removal at 1 (citing 28 U.S.C. § 1333 (2009)), and that such wage claims sound in federal law governing seamen's wages, Def.'s Mem. in Support of Obj. to Pl.'s Mot. to Remand at 1 (Docket Item 12). Unfortunately for Stevenson's argument, nowhere does Rafter's Complaint make such a claim. Alternatively, Stevenson argues that Rafter's right to relief necessarily depends on "the resolution o[f] [a] substantial question of federal law." Def.'s Obj. at 1. This appears to be a "complete preemption" argument. Where a federal cause of action completely preempts state law claims, a case can be removed. Danca, 185 F.3d at 4-5. But that principle does not apply here.[5] Stevenson is unable

---

[4] Following established practice in this district, I have looked "beyond the face of the original notice to the accompanying complaint to establish removal jurisdiction." Heller v. Allied Textile Cos., 276 F. Supp. 2d 175, 181 (D. Me. 2003) (citing Kingman v. Sears, Roebuck & Co., 526 F. Supp. 1182, 1185 (D. Me. 1981)).

[5] The Complaint neither mentions federal law nor implicates the federal statutes cited by the defendant, specifically 46 U.S.C. § 10508 and "other statutes pertaining to the protection and relief of seamen" (presumably 46 U.S.C. §§ 10301-10509). Def.'s Obj. at 1. The Complaint asserts that the plaintiff worked on a vessel "assisting, rescuing and salvaging vessels in distress along mid-coast Maine." Compl. ¶ 5. The statutory section that the defendant Stevenson cites applies only to vessels on voyages "between a port in one State and a port in another State (except an adjoining State)." 46 U.S.C. § 10501(a). Nothing in the Complaint suggests that the Rafter sailed from Maine to a non-adjoining state or, for that matter, "between a port in the United States and a port in a foreign country (except a port in Canada,
*(continued next page)*

to point to any federal statute or case that says that Rafter's state wage and reimbursement claims are completely preempted. Perhaps Stevenson will have a federal defense to one or more of Rafter's claims, but such a defense does not create federal jurisdiction, Vaden, 129 S. Ct. at 1272, and does not support removal, Ben. Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("[A] defense that relies on . . . the pre-emptive effect of a federal statute will not provide a basis for removal" (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1 (1983)). Therefore, even if the Motion to Amend were timely, it could not support removal.

Accordingly, the Motion to Amend is **DENIED**.

*(2)     Plaintiff's Motion to Remand*

Rafter argues that the existence of federal admiralty and maritime jurisdiction, the only basis for removal given my denial of Stevenson's Motion to Amend, does not permit Stevenson to remove his state-law claims to federal court. He is correct, and his Motion to Remand therefore must be **GRANTED**.

The federal admiralty and maritime jurisdiction statute "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). Unless a state law "frustrates a fundamental tenet of admiralty law," Ellenwood v. Exxon Shipping Co., 984 F.2d 1270, 1279 (1st Cir. 1993) (citing

---

Mexico, or the West Indies); or . . . a port of the United States on the Atlantic Ocean and a port of the United States on the Pacific Ocean." 46 U.S.C. § 10301. Under the facts alleged in the Complaint, Rafter could not seek the remedies provided by 46 U.S.C. § 10504 or 46 U.S.C. § 10313. In sum, on their face, the statutes upon which Stevenson relies do not apply to the facts that Rafter has pleaded and Stevenson cites no authority for the general proposition that Congress intended to deny local seamen remedies for unpaid wages under state law. Instead, the authority seems to be to the contrary. See Schoenbaum on Admiralty & Mar. Law, Vol. 1, § 6-4 (4th ed.) (Thomson Reuters 2009) (citing Sewell v. M/V Point Barrow, 556 F. Supp. 168, 170 (D. Alaska 1983), and Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d 1409, 1419 (9th Cir. 1990)).

7

Steelmet, Inc. v. Caribe Towing Corp., 779 F.2d 1485, 1488 (11th Cir. 1986)), this "saving to suitors clause" preserves state court jurisdiction over admiralty and maritime claims brought under state statutory or common law, Lewis, 531 U.S. at 445; see also id. at 455 (noting that if admiralty raised a federal question, it would "undermine the claimant's choice of forum." (citing Romero, 358 U.S. at 371-72)).  Thus, without an independent basis for federal jurisdiction, a maritime case filed in state court may not be removed. Villegas v. Magic Transp., Inc., 641 F. Supp. 2d 108, 111 (D.P.R. 2009); see also Oklahoma ex rel. Edmondson v. Magnolia Marine Transp. Co., 359 F.3d 1237, 1241 (10th Cir. 2004) ("Following Romero, 'courts have consistently interpreted the savings clause to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent basis for removal' such as the presence of a federal question or diversity of citizenship. (quoting In re Chimenti, 79 F.3d 534, 537 (6th Cir. 1996)); U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 390 (3d Cir. 2002); Servis v. Hiller Sys., Inc., 54 F.3d 203, 206-07 (4th Cir. 1995)); Morris v. T E Marine Corp., 344 F.3d 439, 444 (5th Cir. 2003) (same); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1069 (9th Cir. 2001) (same); 29 Moore's Fed. Practice – Civil, § 704.04[e] (Matthew Bender 3d ed.) (same); Robert Force, Admiralty & Mar. Law 19-20 (Fed. Judicial Ctr. 2004) (same).  Here, the defendant Stevenson cannot establish a basis for removal independent of federal admiralty and maritime jurisdiction, and since Stevenson has not pointed to any authority or statute showing that Rafter's state law claims frustrate a

8

fundamental tenet of admiralty law, the saving to suitors clause requires that I remand the case to state court.

The plaintiff's Motion to Remand is **GRANTED**.

*(3)  Motion for Fees*

The legal principles on which this case turns are established and clear.[6] I conclude that the defendant lacked an "objectively reasonable basis" for removing this case to federal court and resisting the remand, and that an award of reasonable attorney fees and costs pursuant to 28 U.S.C. § 1447(c) is warranted.  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

The plaintiff's Motion for Fees is **GRANTED**.

**SO ORDERED.**

**DATED THIS 28TH DAY OF JANUARY, 2010**

/s/ D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[6] The well-pleaded complaint rule dates at least to 1908.  See Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); see also C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc., Vol. 13D, § 3566 (3d ed.).  Over forty years ago, Romero v. International Terminal Operating Company made clear that admiralty law does not raise a federal question for the purposes of 28 U.S.C. § 1331, thereby foreclosing removal based solely on admiralty jurisdiction.  See Benedict on Admiralty, Vol. 1-VIII, § 132 (Matthew Bender 2009) ("The generally accepted rule is that cases may not be removed from state court to federal court where the only basis of the federal court's jurisdiction is admiralty." (citing Romero, 358 U.S. at 371-72, and collecting cases); Schoenbaum, Vol. 1, § 4-5 ("[R]emoval in admiralty is limited to (1) claims meeting the test of diversity jurisdiction where none of the defendants properly served is a citizen of the state in which the suit is filed; and (2) claims with an independent jurisdictional basis outside the Romero rule." (citations omitted)).